STATE OF MISSOURI, at the Relation of THOMAS CUSACK COMPANY, a Corporation, Respondent, v. MATT SHINNICK, Superintendent of Buildings for the CITY OF KANSAS CITY, MISSOURI, Appellant.

Kansas City Court of Appeals. June 27, 1921.

1. **MANDAMUS:** Pleading: Alternative Writ Primary Pleading and Must Aver all Essential and Necessary Facts to Entitle Relator to Relief. When an alternative writ of mandamus is issued it becomes the primary pleading in the case and though its averments may not be so strictly construed as pleadings in ordinary actions, it must state, the necessary and essential facts to give the petitioner the right which he claims and to justify the order sought, affirmatively show that he has performed all things necessary to have been performed by him, that it was defendant's duty to perform the acts sought to be required, and that relator has no other plain, speedy and adequate remedy.

2. ———: Averment in Alternative Writ that Petitioner had Complied with all the Terms of an Ordinance Stated a Conclusion. An averment in an alternative writ of mandamus that petitioner had complied with all the terms and conditions of a city ordinance

relative to the issuance of permits for the erection of a billboard and that the defendant had refused to issue the permit but did not allege what the terms, conditions and requirements of the ordinance were, merely stated conclusions of the pleader and was insufficient to entitle relator to a peremptory writ.

3. ———: **Writ Will not Issue to Compel Issuance of Permit for Erection of Billboard Already Erected.** Where relator had erected a billboard prior to institution of suit, in violation of city ordinance requiring a permit therefor, and at the time writ was applied for, relator was being prosecuted for so doing, mandamus will not be granted on relator's petition to compel superintendent of buildings to issue permit for erection of billboard, since the only purpose the issuance of the writ could serve would be to permit relator to do a thing already done without a permit in violation of the ordinance, and the only relief relator could secure thereby would be in aid of its defense in the prosecution pending against it.

Appeal from Circuit Court of Jackson County.—*Hon. Daniel E. Bird,* Judge.

REVERSED.

*Frank M. Lowe* for respondent.

*E. M. Harber, M. A. Fyke* and *F. M. Hayward* for appellant.

ARNOLD, J.—This is a proceeding by mandamus to compel defendant to issue a permit to relator to erect a bill board at 2441 McGee Traffic Way in Kansas City, Missouri. It is alleged in the alternative writ that relator has heretofore made application for a permit to erect a billboard at the point above named; that in strict compliance with all of the terms, conditions and requirements of ordinance numbered 33950 of the City of Kansas City, relator tendered the regular fee or license, and made due application to the inspector of buildings for a permit to erect and maintain said billboard; that the inspector of buildings refused said tender. That prior to the application aforesaid, the Mayor

of Kansas City, of his own motion, and by no other and different authority than the general power supposed to vest in him as Mayor of said city, issued an order to defendant forbidding him to issue a permit for the erection or maintenance of any billboard within the limits of said City of Kansas City, until the Mayor should withdraw said order; that the said defendant, superintendent, is an appointee of said Mayor, and that in obedience to said order, and for no other reason, the said superintendent refused and still refuses to issue to relator the permit applied for; that said refusal appears to be wrongful, and unlawful, and that relator has no adequate or complete remedy at law.

Defendant duly made return in which he averred that ''said alternative writ does not state facts sufficient to entitle relator to the relief asked for therein,'' and specificially denied all the allegations contained in the alternative writ. Judgment of the court was in favor of relator, the peremptory writ of mandamus was issued and defendant appeals.

Relator introduced in evidence, over the objections of defendant, Ordinance No. 33950 of the City of Kansas City, which provides: ''No person, firm or corporation shall erect or maintain within the city limits any billboard or other board or fence, sign or structure erected for advertising purposes, or upon which any advertising is shown, printed or displayed in any way except as is hereafter in this section specified.'' Then follow provisions regulative of the size of billboards and other requirements and that ''it shall be the duty of the superintendent of buildings to see that the provisions of this act are enforced . . . no person, firm or corporation shall hereafter make or maintain within the city limits any billboard erected for advertising purposes or upon which any advertisement is shown, printed or displayed without first procuring a permit for such from the superintendent of buildings.'' And then follows the clause specifying the amount of the fee applicable to the various dimensions of such billboards. The said ordinance further provides that ''at least twenty-four (24) hours before applying for such permit, notice of

application must be given to the Superintendent of Build-
ings, which said notice must contain full information
concerning the construction, location and dimensions of
such billboard, fence or sign. If the said Superinten-
dent of Buildings finds that such application is for a
lawful purpose, and that the proposed billboard, fence
or sign is in compliance with the provisions of the city
ordinances he shall issue such permit to the person,
firm or corporation applying therefor.''

It appears in the record, and is undisputed, that
the bill board in controversy had been· erected without
a permit before the petition in this cause was filed.
There is no controversy as to the· facts above stated.

Defendant urges five points in support of his ap-
peal. First, that the alternative writ does not state
facts sufficient to entitle relator to a peremptory writ.

When an alternative writ of mandamus is issued
it becomes the primary pleading in the cause. The
averments in an alternative writ may be informally stat-
ed, and may not be required to be so strictly construed
as pleadings in ordinary actions, but whatever is es-
sential to good pleading in an ordinary action must be
contained therein in substance, although stated in general
terms. [Merrill on Mandamus, sec. 254.] The writ must
aver all the facts necessary to give the petitioner the
right which he claims, and to justify the order sought.
The petitioner must show affirmatively that he has per-
formed all the things necessary to have been performed
by him, and the manner of such performance, to entitle
him to the writ.

The facts also must be set forth which clearly show
that it was the defendant's duty to perform the things
asked, and show that the act was not in excess of his
legal obligation and that he still has power to do it. The
writ must show that it is relator's right to have the
act done, that it is defendant's duty to perform it, and
that relator has no other plain, speedy and adequate
remedy. ''Every material fact on which the relator
relies must be set forth distinctly, unreservedly, fully
and clearly.'' [Merrill on Mandamus, sec. 255, and cases
therein cited.] In other words, the relator must show

a good cause on the face of his petition and if he fail to do this, he is not entitled to a writ based thereon.

In the case at bar relator avers that defendant is superintendent of buildings of the City of Kansas City, Missouri, and that relator, Thomas Cusack Company, has heretofore made application for a permit to erect a billboard at 2441 McGee Street Traffic Way in Kansas City, Missouri, and tendered the required fee, or license." That in strict compliance with all, each and every the terms, conditions and requirements of Ordinance No. 33950 of the City of Kansas City, relator made due application to the Inspector of Buildings of said Kansas City for a permit to erect and maintain said billboard and at the time of making said application tendered to the said City of Kansas City through its Superintendent of Buildings, all fees and charges prescribed by the terms of said ordinance No. 33950 for such permit. That the Inspector of Buildings of Kansas City, Missouri, at the time of making such tender by relator was the proper person to whom such fee should be paid."

The alternative writ further avers that the erection of such bill board is not in violation of any ordinance of Kansas City, Mo., or of any law; and that the Mayor of Kansas City, of his own motion, and by no other and different authority than the general power supposed to be vested in him, issued an order directed to the Superintendent of Buildings, forbidding him to issue a permit to the relator. That the said Superintendent of Buildings refused to issue the permit for no other reason than that the Mayor had directed him not to do so.

Nowhere, so far as the record shows, does the alternative writ state what were the "terms, conditions and requirements of Ordinance No. 33950," neither does the writ show that defendant is authorized to issue such permits. The allegation is "that in strict compliance with all, each and every the terms, conditions and requirements of Ordinance No. 33950, . . . . relator made due application," etc. We must conclude that relator's statements relative to those "terms, conditions and requirements" are merely his own conclusions and

therefore not good as a pleading. Other elements necessary to entitle relator to the relief prayed are omitted, but as the case will be reversed for reasons hereinafter stated, they need not be further discussed in this opinion. Defendant's first point, to the effect that the alternative writ does not state facts sufficient to entitle relator to a peremptory writ, is well taken.

It remains only to be determined whether the case will be remanded or reversed outright. The record shows that the billboard in question had been erected prior to the institution of suit, and that at the time this writ was applied for, relator was being prosecuted for erecting a billboard without a license; from which circumstance the inference is plain that this cause was instituted in aid thereof. Can we say that relator comes into court "with clean hands," in the light of all the facts disclosed by the evidence? We think not.

The defendant testified, and it is undisputed, that no application was made for a permit until after the billboard had been erected. The only relief relator possibly could secure from the issuance of the writ was in aid of his defense in the prosecution then pending against him. The billboard already had been erected, and the only purpose the issuance of the writ could serve would be to permit relator to do a thing it already had done without a permit and in violation of a city ordinance. "That an injunction will not issue on a bill directed to acts gone by, that the strong arm of a court of equity, symbolized in an injunctive writ, is not corrective of past injuries, is fundamental." [Davis v. Hartwig, 195 Mo. l. c. 398, and authorities there cited.] Numerous cases supporting this principle of law will not be cited for the reason that the rule is so fundamental and the reason so plain that further citation of authority is unnecessary.

For the reasons above stated we conclude the court erred in overruling defendant's motion to quash the writ. The judgment is reversed.

All concur.